No. 10,136.

BURKE *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided November 7, 1921.

Proceeding under the workmen's compensation act. Judgment for claimants.

*Reversed.*

1.  WORKMEN'S COMPENSATION—*Discharged Employe—Ratification—Estoppel.* The employe, a driver for the proprietor of a taxicab line, was discharged for careless and reckless driving. The

next day after his discharge, without the knowledge or consent of his former employer and using the car he had previously been driving, he took some tourists to Estes Park. On the return trip the car turned over and the driver sustained injuries which resulted in his death. Subsequently the employer received the regular fare for the trip from the tourists.

In an action for compensation by dependents of deceased, it was contended that receipt of the fare was a ratification of the act of the employe in taking the car, and that under the doctrine of estoppel the employer was liable for compensation.

Held, that the employe having been discharged, he was a mere volunteer, wrongfully engaged in driving the car of his former employer at the time of the accident; that neither the doctrine of ratification nor estoppel had the slightest application to the case, and that upon no possible theory could the claimants recover compensation at the hands of the employer.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. GEORGE J. LEMMON, Mr. JOHN R. SMITH, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. JOHN E. RINKER, for defendants in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

THE case is here on error to review a judgment of the district court of The City and County of Denver, affirming in part and reversing in part, an award of the Industrial Commission of Colorado.

Claimants are the widow and minor child of John B. Chadwick, who suffered injuries from which he died, while driving an automobile belonging to John F. Burke, proprietor of a taxicab line, operating in and about the City of Denver.

It appears that Burke, in conducting his business, employed from four to fourteen drivers, and that in the summer season many of his men and machines are engaged in transporting passengers to and from various mountain re-

sorts. Decedent had been so employed by Burke for some considerable time. On the day preceding the accident a party of Texas tourists arranged with Burke for a trip to Estes Park, and requested that Chadwick be sent as driver. Burke replied that he would try to get Chadwick, but could not guarantee to do so. At that time Chadwick had driven a party to Colorado Springs. He returned the same evening, and in consequence of complaints received by Burke of Chadwick's careless and reckless driving on that trip was then and there discharged, and directed to report at the office in the morning for a settlement. The next morning, the day of the accident, Chadwick, instead of reporting at the office as directed, took the car he had been accustomed to drive, called for the party of tourists who had previously arranged with Burke for the Estes Park trip, and left with them. This was without the knowledge or assent of Burke, and directly against and contrary to his specific orders to the effect that Chadwick should come to the office on that morning for settlement of his accounts, because of his discharge upon the previous evening.

While making the return trip from Estes Park, Chadwick attempted to turn the car out of a rut on a muddy road, when it upset, pinning him underneath, resulting in injuries from which he died a few days later. The passengers were brought to Denver, and later paid Burke the regular fare for the trip.

The Commission failed to directly find that Chadwick had been discharged, but from irresistible inference did so find in that it declared that Burke in accepting payment from the tourists ratified the act of Chadwick in going out for the trip, which acceptance of payment by Burke the Commission held reinstated Chadwick as an employee. The Commission's findings for all practical purposes were findings that Chadwick was not in the employment of Burke at the time of the accident. That he was not in such employment at that time is conclusively established by the proofs, the testimony of four witnesses to the effect that Chadwick was discharged on the evening before the acci-

dent being absolutely uncontradicted.

There is no conflict in the testimony upon the fact of Chadwick's discharge, and the question of his reinstatement is strictly one of law and not of fact. The Commission found that he was an employee solely upon an alleged ratification by Burke of his act in taking the car, without authority, as above noted. This view was adopted by the district court.

It seems clear to us that the acceptance by Burke of pay for the use of his automobile and equipment could have and did have no effect whatever upon the status of Chadwick. Chadwick was either an employee of Burke at the time of the accident, or he was not. If he was not, then we fail to see how any subsequent act of Burke in dealing with third parties could change Chadwick's relations to him. Whatever the law may be upon the subjects of ratification and estoppel, under the circumstances here shown, as applied to third persons, manifestly, as between Burke and Chadwick, upon the undisputed facts, neither the doctrine of ratification nor estoppel has the slightest application, and both the Commission and the district court were in error in holding to the contrary. If Chadwick was not in the employment of Burke when injured his heirs have no standing under the Workmen's Compensation Act. It conclusively appears that when Chadwick was injured, he had been discharged, and was a mere volunteer, wrongfully engaged in driving the Burke car. The law must leave him where it finds him, for since that situation was brought about by his own wilful and deliberate wrong, upon no possible theory is he or are his dependents in position to ask or receive compensation at the hands of Burke.

Since the case is determined upon this particular point, it becomes unnecessary to either consider or decide any of the many other interesting and important questions argued and submitted.

Judgment reversed and cause remanded.

Mr. Justice Teller and Mr. Justice Burke concur.